UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA ADKINS          ) | |
| ) | |
|     Plaintiff          ) | |
| ) | Case No. 08 C 3217 |
| v.          ) | |
| ) | Judge Shadur |
| LOCAL 705 INTERNATIONAL          ) | |
| BROTHERHOOD OF TEAMSTERS   ) | Magistrate Judge Valdez |
| PENSION PLAN          ) | |
| ) | |
|     Defendant          ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Local 705 International Brotherhood of Teamsters Pension Plan, by and through its attorneys, Bell, Boyd & Lloyd LLP, respectfully submits the following Answer and Affirmative Defenses to the Complaint filed by Brenda Adkins:

1.   This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1001 *et seq.*).  Jurisdiction is founded on the existence of questions arising thereunder, as plaintiff brings this action to recover benefits due under the terms of an employee pension benefit plan, to enforce her rights under an employee benefit pension plan, and to clarify her rights to future plan benefits.

**ANSWER:**   Defendant admits that this action arises under ERISA and that the Court has jurisdiction because the Plaintiff alleges claims thereunder, but denies that it has violated ERISA or that Plaintiff is entitled to any of the relief she seeks.

2.   Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. § 1132(e)(2) by virtue of the fact that the Pension Plan's administrative offices are located in Chicago, Illinois.

**ANSWER:**   Admitted.

3.      Adkins is a resident of Frankfort, Illinois, and was employed by Gas City, Ltd. or its successor, A. D. Conner, Inc. from February 1995 through 2006.  Adkins was employed full time and was performing bargaining-unit work for Gas City, Ltd. or A. D. Conner, Inc. under a collective bargaining agreement with Local 705, International Brotherhood of Teamsters.

**ANSWER:**    Defendant admits that Adkins is a resident of Frankfort, Illinois and that she was employed full-time by Gas City, Ltd. and its successor, A. D. Conner, between February 1995 and November 2006.  Defendant denies that Adkins, who at all times was a dispatcher, not a driver, performed bargaining unit work under the collective bargaining agreements with the Local 705 International Brotherhood of Teamsters in force during her employment with either Gas City or A. D. Conner, which expressly provided that "[t]he bargaining unit shall consist of all the Employer's drivers employed at locations [covered by the agreements] who make deliveries of petroleum products, caustics, chemicals and all related products of any nature and description however packaged or contained to or from any Bulk Plant, Refinery Pipe Line Terminal, Bulk Storage Terminal or facility, Water Terminal and customer" and that bargaining unit duties "shall consist of driving the Employer's truck and delivering the contents to and from the aforesaid locations."

4.      At all relevant times, Gas City, Ltd. and A. D. Conner, Inc. were signatories to a collective bargaining agreement with Local 705, International Brotherhood of Teamsters ("IBT"), which required participating employers to make contributions to the Pension Plan on behalf of all covered employees.

**ANSWER:**    Admitted.

5. A copy of a pension benefits statement issued by the Pension Plan to Adkins is attached hereto as Exhibit A. Adkins' statement shows no pension credits for any year prior to 2003.

**ANSWER:** Admitted. Answering further, Defendant states that, as the benefits statement attached to the Complaint as Exhibit A explains, it "is for information purposes only," "does not guarantee the amount of [Adkin's] benefit or vesting credits," "is subject to change," and that the indicated pension credits "have not been approved by the Trustees," and "are subject to verification and modification at the time a formal application for Pension is reviewed." Answering further, Defendant states that the benefits statement attached to the Complaint as Exhibit A was based on contributions made by Gas City and/or its successor A. D. Conner on behalf of Adkins. Answering further, Defendant states that it currently is conducting an audit of contributions made by Gas City and A. D. Conner and has discovered, among other things, that Gas City and/or A. D. Conner at times made some contributions on behalf of Adkins despite the fact that she was a dispatcher, not a driver, did not perform bargaining unit work, and was not entitled to pension benefits under the parties' labor agreements during the period of her employment, which expressly provided that "[t]he bargaining unit shall consist of all the Employer's drivers employed at locations [covered by the agreements] who make deliveries of petroleum products, caustics, chemicals and all related products of any nature and description however packaged or contained to or from any Bulk Plant, Refinery Pipe Line Terminal, Bulk Storage Terminal or facility, Water Terminal and customer" and that bargaining unit duties "shall consist of driving the Employer's truck and delivering the contents to and from the aforesaid locations." Answering further, Defendant states that Adkins has never filed the *Application to Commence Payment of Pension Benefits* the Plan provided to her in January 2007 or exhausted her administrative remedies under the Plan.

3

6. Adkins requested the Pension Plan to adjust her pension credits to reflect credit for work performed prior to 2003, but it has refused.

**ANSWER:** Defendant admits that Adkins requested that the Pension Plan award her pension credits for the period prior to 2003 and that it has not adjusted the credits as she requested but denies that Adkins performed bargaining unit work for Gas City and A. D. Conner at any time, that she is entitled to any pension credits for the work she did perform for Gas City and it successor, A. D. Conner, or that Adkins exhausted her administrative remedies with the Plan. Answering further, Defendant states that the Plan currently is conducting an audit of contributions made by Gas City and A. D. Conner and has discovered, among other things, that Gas City and/or A. D. Conner at times made some contributions on behalf of Adkins despite the fact that she was a dispatcher, not a driver, did not perform bargaining unit work, and was not entitled to pension benefits under the parties' labor agreements during the period of her employment. Answering further, Defendant states that the Plan reserves the right to adjust or deny pension credits based on Adkins's employment with Gas City and/or A. D. Conner pending the final results of the ongoing audit.

7. The Pension Plan has granted pension credits for similarly situated employees of Gas City, Ltd. and A. D. Conner, Inc. who were performing the same work as Adkins, but it has refused to explain why it is treating Adkins differently.

**ANSWER:** Denied.

AFFIRMATIVE DEFENSES

1. Adkins is not entitled to any pension credits based on her employment with Gas City or A. D. Conner or any of the other relief she seeks because she was a dispatcher, not a driver, and therefore was not a member of the bargaining unit and did not perform bargaining unit work as defined by the parties' labor agreements during the period of her employment,

4

which expressly provided that "[t]he bargaining unit shall consist of all the Employer's drivers employed at locations [covered by the agreements] who make deliveries of petroleum products, caustics, chemicals and all related products of any nature and description however packaged or contained to or from any Bulk Plant, Refinery Pipe Line Terminal, Bulk Storage Terminal or facility, Water Terminal and customer" and that bargaining unit duties "shall consist of driving the Employer's truck and delivering the contents to and from the aforesaid locations." Accordingly, Gas City and A. D. Conner had no obligation to make pension contributions on behalf of Adkins, and Defendant has no obligation to provide Adkins pension credits or benefits.

2.  Adkins has not exhausted her administrative remedies with the Plan.

WHEREFORE, The Local 705 International Brotherhood of Teamsters Pension Plan respectfully pray that the Court enter an order granting judgment in its favor and against Brenda Adkins, denying all relief sought by Brenda Adkins, and awarding such other relief as the Court deems just and proper.

Dated:  July 22, 2008

Respectfully submitted,

LOCAL 705 INTERNATIONAL
BROTHERHOOD OF TEAMSTERS
PENSION PLAN

By:   s/Edward M. Graham
       One of Its Attorneys

James P. Daley
Edward M. Graham
**BELL, BOYD & LLOYD LLP**
70 W. Madison Street, Suite 3100
Chicago, Illinois  60602
(312) 372-1121

5

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the above and foregoing Answer and Affirmative Defenses to Complaint was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing, on this 22d day of July 2008, to the following:

>David R. Shannon
>Tenney & Bentley, LLC
>111 W. Washington Street, Suite 1900
>Chicago, Illinois  60602

s/Edward M. Graham
Edward M. Graham

590665/C/1