```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

BRENDA ADKINS,                    )
                                  )
               Plaintiff,         )
                                  )
     v.                           )    No.  08 C 3217
                                  )
LOCAL 705 INTERNATIONAL           )
BROTHERHOOD OF TEAMSTERS PENSION  )
PLAN,                             )
                                  )
               Defendant.         )
```

MEMORANDUM ORDER

Local 705 International Brotherhood of Teamsters Pension Plan ("Plan") has moved under Fed. R. Civ. P. ("Rule") 56 for summary judgment against Brenda Adkins ("Adkins"), a former employee of one of the companies whose collective bargaining agreements ("CBAs") with Local 705 required them to make contributions to the multiemployer Plan on behalf of the members of their respective bargaining units. Plan's motion has now been fully briefed by the parties and is therefore ripe for decision. For the reason stated here, the motion is granted and this action is dismissed.

If this were a law school course in Federal Procedure 101, Plan's counsel would be in substantial difficulty. For example, its most recent fact-related submission--its LR 56.1(a) reply to Adkins' LR 56.1(b)(3)(C) statement of additional facts-- impermissibly treats that Adkins statement as though it were part of the initial pleadings in this action, rather than an integral

part of the summary judgment inquiry.[1]

Thus Plan's reply includes more than one instance in which it asserts, as it does in Reply ¶3:

> The Plan lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statements of fact contained in Paragraph 3 and therefore denies them.

Even apart from the oxymoronic nature of that "and therefore denies them" conclusion,[2] the quoted language (drawn from Rule 8(b)(5)) is an impermissible response to a properly asserted (and evidentially supported) factual statement by an adversary.  This Court is entitled to treat each of Adkins' additional fact submissions that have been met with such a nonresponse as having been admitted.

There are a number of other aspects of Plan's purported reply that reveal the same mistaken mindset on the part of its counsel.  But this opinion need not devote time and space to those flaws, because legal analysis shows that Plan prevails on the merits despite those defects.  On to the merits, then.

In that respect it is also unnecessary for this Court to

---

[1] It is of course universally known that LR 56.1 represents this District Court's carefully structured procedure to facilitate the identification of (or the absence of) genuine issues of material fact.

[2] How can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?

address the principal substantive issue over which the parties have crossed swords: whether a dispatcher (the job at which Adkins worked) can, as the result of a course of conduct followed in connection with the Plan, be encompassed in a bargaining unit that speaks only of "all the Employer's drivers...who make deliveries...." Instead this opinion can focus on Plan's argument that Adkins has failed to exhaust her administrative remedies under the Plan.

Adkins' Complaint begins with this jurisdictional statement, which is necessary to bring the lawsuit within the scope of ERISA (Complaint ¶1 (emphasis added)):

> Jurisdiction is founded on the existence of questions arising thereunder, as plaintiff brings this action <u>to recover benefits</u> due under the terms of an employee pension benefit plan, to enforce her rights under an employee benefit pension plan, and to clarify her rights to future plan benefits.

But in response to Plan's motion, Adkins' lawyer seeks to shift gears, stating at Mem. 1:

> Adkins never applied for a pension; she wanted--and seeks in this suit--to be credited with the proper amount of vesting and benefit service.

If successful, that attempted distinction could be meaningful, because Adkins seeks to employ it as the predicate for turning first to this Court rather than taking the route prescribed by the Plan documents for a determination of her rights.

Ex. A to Adkins' responsive memorandum reproduces page 14 of the Plan's Summary Plan Description. It specifies, as one of the

three things that must take place before an ex-employee is eligible to begin the receipt of pension benefit:

>     You must apply for your benefits.

Later on that same page, there is a detailed description of the procedure that must be followed if such an application is totally or partially denied, including a specified appeal procedure that ultimately brings the matter before the Plan's Board of Trustees. And that description is of a piece with Plan §8.3, which specifies:

> Only the Administrator (subject to appeal) and the Trustees have the authority to determine eligibility for benefits and the right to participate in the Pension Fund, and to exercise all the other powers specified in this Plan. The Trustees shall have full discretionary authority to construe and interpret the terms of the Fund Trust Agreement, the Plan, the Plan documents, and the procedures of the Fund and Plan, and to determine eligibility for, entitlement to, and the amount of Plan benefits in accordance with Plan terms. Benefits under this Plan will be paid only if the Administrator (subject to appeal) and the Trustees decide in their discretion that the applicant is entitled to them.

There is of course an important reason for requiring a Plan beneficiary to follow the Plan's prescribed internal route rather than turning to the federal courts in the first instance. If the former course is taken and if the beneficiary is turned down, judicial review is deferential. By contrast, if the beneficiary were to be allowed to bring a lawsuit in the first instance, that would turn the procedure on its head--the court would be called upon to decide questions of coverage and benefits as an original

matter, thus preempting the procedure for which the parties bargained.

In that respect, Adkins' Affidavit in support of her summary judgment response includes copies of her correspondence with her former employer over a span of years, but she tellingly acknowledges in Aff. ¶17 that even though Plan Pension Analyst Ellen Kuzniar sent her the requested form of Application to Commence Payment of Pension Benefits in 2007, "I did not submit that form to the Pension Fund." So Adkins was expressly apprised of the administrative path she should have followed, but she failed to do so. And that failure to exhaust administrative remedies is fatal to this action.

## Conclusion

There is no genuine issue of material fact that would stave off summary judgment, and so Plan is entitled to a judgment as a matter of law. Its Rule 56 motion is granted, and both the Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 25, 2009