```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
                            EASTERN DIVISION
```

| | |
|---|---|
| BRENDA ADKINS, | |
| Plaintiffs, | |
| v. | No. 08 C 3217 |
| LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION PLAN, | Judge Shadur |
| Defendant. | |

### RULE 59(e) MOTION TO AMEND OR ALTER JUDGMENT

The plaintiff, Brenda Adkins, pursuant to Fed. R. Civ. P. 59(e), request the entry of an order amending the order entered on the docket on August 25, 2009, which dismissed this action for failure to exhaust administrative remedies. In support of her motion, Adkins states:

1. On August 25, 2009, the court entered a memorandum order and a separate judgment in a civil case; the memorandum order states, in part, "both the Complaint and this action are dismissed."

2. It is not clear whether the court intended to enter a final order as to Adkins' right to a pension (i.e., dismissal with prejudice as a sanction for failing to exhaust administrative remedies) or whether the court intended to permit Adkins to refile after exhausting her administrative remedies.

3. There is authority for the proposition that a dismissal for failure to exhaust administrative remedies does not preclude a subsequent action after exhausting administrative remedies. See, e.g., D'Amico v. CBS Corp., 297 F.3d 287, 294 (3d Cir. 2002); Wilczynski v. Kemper Int'l Ins. Co., 1995 WL 437503 (N.D. Ill.) (Norgle, J.). Adkins is concerned about the effect of Fed. R. Civ. P. 41(b), which provides that most involuntary dismissals operate as an adjudication on the merits.

4. On August 20, 2009, Brenda Adkins was diagnosed with Stage III breast cancer. She will be meeting with physicians at Northwestern Memorial Hospital on September 4, 2009 to discuss her prognosis and treatment options.

   WHEREFORE, Brenda Adkins requests the entry of an order clarifying the court's intentions as to the preclusive effect of the August 25, 2009 judgment.  In the alternative, Adkins requests the entry of an amended judgment order stating that the dismissal is without prejudice or stating that the dismissal does not bar a subsequent action after Adkins has exhausted her administrative remedies.  In the alternative, Adkins requests the court to vacate the dismissal and enter an order staying these proceeding until Adkins exhausts her administrative remedies.

                              BRENDA ADKINS

                              /s/ David R. Shannon
                        By:  _____
                              One of Her Attorneys


David R. Shannon
Tenney & Bentley, LLC
111 West Washington Street
Suite 1900
Chicago, Illinois 60602
(312) 407-7800